ARTHUR C. ROBERTS, JR., EMPLOYEE, PLAINTIFF v. SOUTHEASTERN MAGNESIA AND ASBESTOS COMPANY, EMPLOYER; GREAT AMERICAN INSURANCE COMPANY, CARRIER; DEFENDANTS

No. 8210IC333

(Filed 19 April 1983)

1. **Master and Servant § 68.2— workers' compensation—asbestosis—findings supported by evidence**

The Industrial Commission's findings that plaintiff's exposure to asbestos after 20 September 1976 augmented his asbestosis and that plaintiff's last injurious exposure to asbestos was between 20 September 1976 and 17 July 1978 were supported by evidence that the employer's inventory figures for the years 1975 through 1979 showed that asbestos products were being handled by the employer during that period; during such period, plaintiff handled and moved various asbestos products on a daily basis five days a week and was exposed to some asbestos "on any work day"; and any exposure to asbestos was potentially injurious to plaintiff.

2. **Master and Servant § 68.1— workers' compensation—asbestosis—no necessity for diminished earning capacity**

For purposes of determining eligibility to receive workers' compensation benefits, a diagnosis of asbestosis is the equivalent of a finding of actual disability, and the employee may receive disability compensation for asbestosis without showing that he has suffered diminished capacity to earn an income. G.S. 97-61.5(b); G.S. 97-61.7.

3. **Master and Servant § 68.3— workers' compensation—award for asbestosis—compulsory change of occupation**

The Industrial Commission properly awarded plaintiff compensation for 104 weeks for asbestosis and properly ordered plaintiff to refrain from exposing himself to the hazards of asbestosis in his employment.

DEFENDANTS appeal from the North Carolina Industrial Commission. Opinion and award entered 9 June 1981. Heard in the Court of Appeals 14 February 1983.

This proceeding was brought by Arthur C. Roberts, Jr., employee, for compensation under the provisions of the North Carolina Workmen's Compensation Act, for disability due to asbestosis.

The first hearing in this proceeding was before Chief Deputy Commissioner Shuford in Charlotte, North Carolina, on 24 August 1979. At that time the plaintiff requested withdrawal of his claim, since he was still working and had not suffered any incapacity as a result of asbestosis. The case was removed from the hearing docket, with the understanding that plaintiff could refile his claim, within the two year statute of limitation, if his condition changed. On 17 September 1979, Commissioner Shuford reinstated plaintiff's claim, having determined that the language of G.S. 97-61.5 required that the case be heard without further delay.

The second hearing in this proceeding was before Deputy Commissioner Roney in Charlotte, North Carolina, on 20 March 1980. It appears from the evidence presented at that hearing that plaintiff was at that time president and manager of Southeastern Magnesia and Asbestos Company, Inc. (Southeastern). Plaintiff had worked at Southeastern since 1950, and had experienced considerable exposure to the hazards of asbestos in the 1950's and 1960's. During 1976, 1977, and 1978, plaintiff was still exposed to asbestos dust on a daily basis, although asbestos products were slowly being phased out of the inventory. Inventory figures for 1975 through 1979 showed that asbestos products were still being handled by Southeastern's employees during that period. No more asbestos products had been purchased by Southeastern since 1978. At the time of the second hearing, plaintiff was not disabled from doing the work which he had previously performed.

A third hearing was held before Deputy Commissioner Stephens in Charlotte, North Carolina, on 15 November 1980. Medical testimony established that plaintiff had undergone extensive testing and had been diagnosed on 11 July 1980 as having asbestosis, Grade I. Dr. Hillis L. Seay, in a letter to plaintiff's attorney, stated that plaintiff was forty percent disabled as a result of asbestosis.

Having made findings of fact and conclusions of law on the basis of the above evidence, Deputy Commissioner Roney awarded plaintiff $158.00 per week for 104 weeks as compensation for asbestosis. Plaintiff was ordered to refrain from activity in occupations which would involve further exposure to asbestos dust.

The full Commission upheld Deputy Commissioner Roney's award on appeal. Defendants appeal from this award.

*Hedrick, Feerick, Eatman, Gardner & Kincheloe, by Philip R. Hedrick and Mel J. Garofalo, for plaintiff-appellee.*

*Teague, Campbell, Conely & Dennis by Richard B. Conely, for defendant-appellants.*

EAGLES, Judge.

[1] Defendants first challenge the Industrial Commission's findings of fact that plaintiff's exposure to asbestos after 20 September 1976 augmented his disease and that plaintiff's last injurious exposure to asbestos was between 20 September 1976 and 17 July 1978. If the Commission's findings of fact are supported by competent evidence they may not be disturbed on appeal. *Hollman v. City of Raleigh*, 273 N.C. 240, 159 S.E. 2d 874 (1968); 8 N.C. Index 3d, Master and Servant § 96. Since these findings of fact were supported by competent evidence presented at the hearing, we find defendants' first assignment of error to be without merit.

G.S. 97-57 requires that the employee must have been exposed to the hazards of asbestosis "for as much as 30 working days, or parts thereof, within seven consecutive calendar months" for such exposure to be deemed injurious. Plaintiff's employer's year-end inventories showed that in 1975 plaintiff's business had, in its warehouse, asbestos products valued at $6,906.24; in 1976, asbestos products valued at $8,658.53; in 1977, asbestos products valued at $10,705.19; in 1978, asbestos products valued at $15,465.65; and in 1979, asbestos products valued at $3,093.01. During this five year period, plaintiff handled and moved asbestos pipe insulation, asbestos paper, asbestos tape, asbestos roll board, asbestos cloth and asbestos mill board on a regular daily basis, five days a week. Plaintiff testified that he was exposed to *some* asbestos "on any work day." Dr. Hillis L. Seay, who was stipulated as an expert in the field of pulmonary medicine, testified that *any* exposure to asbestos was "potentially injurious" to plaintiff. We hold that this evidence was sufficient to support both challenged findings of fact.

Defendant next asserts that the facts in this case did not support the Industrial Commission's conclusion of law that

2. Payment of compensation to employees afflicted with asbestosis for 104 weeks pursuant to N.C.G.S. 97-61.5(b) is predicated upon removal from the hazards thereof as opposed to actual incapacity to earn wages and begins upon removal from the hazards thereof as incentive to forced change in occupation, subject to waiver. Session Laws 1935, Chapter 123, Sec. 1; Session Laws 1945, Chapter 762, Sec. 4; Session Laws 1955, Chapter 525, Sec. 1 and 2. N.C.G.S. 97-61.5 is in conflict with the general provisions of N.C.G.S. 97-54 and N.C.G.S. 97-58(a), thereby establishing an exception. *Davis v. Granite Corp.*, 259 N.C. 672, 676, 131 S.E. 2d 335 (1963). This exception makes the diagnosis of asbestosis or silicosis the same as disablement. The disease must therefore have developed within two years of the last exposure.

Before the 1981 amendments, G.S. 97-61.5(b) stated that

If the Industrial Commission finds at the first hearing that the employee has either asbestosis or silicosis or if the parties enter into an agreement to the effect that the employee has silicosis or asbestosis, it shall by order remove the employee from any occupation which exposes him to the hazards of asbestosis or silicosis, and if the employee thereafter engages in any occupation which exposes him to the hazards of asbestosis or silicosis without having obtained the written approval of the Industrial Commission as provided in G.S. 97-61.7, neither he, his dependents, personal representative nor any other person shall be entitled to any compensation for disablement or death resulting from asbestosis or silicosis; provided, that if the employee is removed from the industry the employer shall pay or cause to be paid as in this subsection provided to the employee affected by such asbestosis or silicosis a weekly compensation equal to sixty-six and two-thirds percent (66⅔%) of his average weekly wages before removal from the industry, but not more than eighty dollars ($80.00) or less than twenty dollars ($20.00) a week, which compensation shall continue for a period of 104 weeks. Payments made under this subsection shall be credited on the amounts payable under any final award in the cause entered under G.S. 97-61.6.

G.S. 97-61.7 provides that

Waiver of right to compensation as alternative to forced change of occupation.—An employee who has been compensated under the terms of G.S. 97-61.5(b) as an alternative to forced change of occupation, may, subject to the approval of the Industrial Commission, waive in writing his right to further compensation for any aggravation of his condition that may result from his continuing in an occupation exposing him to the hazards of asbestosis or silicosis, in which case payment of all compensation awarded previous to the date of the waiver as approved by the Industrial Commission shall bar any further claims by the employee, or anyone claiming through him, provided, that in the event of total disablement or death as a result of asbestosis or silicosis with which the employee was so affected, compensation shall nevertheless be payable, but in no case, whether for disability or death or both, for a longer period than 100 weeks in addition to the 104 weeks already paid. Such written waiver must be filed with the Industrial Commission, and the Commission shall keep a record of each waiver, which record shall be open to the inspection of any interested person.

[2] It is clear from the language of these two statutes that a diagnosis of asbestosis, for purposes of determining eligibility to receive benefits, is the equivalent of a finding of actual disability. *See Davis v. Granite Corp.*, 259 N.C. 672, 131 S.E. 2d 335 (1963). We reject defendants' argument that plaintiff may receive disability compensation only upon a showing that he has suffered diminished capacity to earn an income. The Commission's award of 104 weekly payments was proper.

[3] The Commission's award was predicated upon the employee avoiding further exposure to asbestosis in his employment. We recognize that the intent of the Legislature in providing for an automatic 104 installment payments was to encourage employees to remove themselves from hazardous exposure to asbestos and to provide for employee rehabilitation, *Honeycutt v. Carolina Asbestos Co.*, 235 N.C. 471, 70 S.E. 2d 426 (1952). We also recognize that G.S. 97-61.5(b) which authorizes this award, has as an additional purpose the compensation of employees for the incurable nature of the disease of asbestosis. *See Honeycutt v. Carolina Asbestos Co., supra; Pitman v. L. M. Carpenter & Associates*, 247 N.C. 63, 100 S.E. 2d 231 (1957). There is no indica-

tion that the Legislature intended to prohibit any recovery whatsoever to those employees who refused to remove themselves from contact with asbestos after being diagnosed as having asbestosis. The statutory language merely prohibits recovery for actual partial incapacity if the employee, after receiving the initial compensation in the form of the 104 week installment payments, is shown to have remained in a job where he or she is exposed to asbestos.

In addition to awarding plaintiff compensation for asbestosis, the Commission ordered the plaintiff to refrain from exposing himself to the hazards of asbestos in his employment. The above statutes provide that if plaintiff chose to obey the Commission's order to avoid exposure to the hazards of asbestosis in his employment and later established that his earning capacity was diminished due to the asbestosis, he could recover an additional amount as compensation for that loss of earning capacity. Since one of the purposes of G.S. 97-61.5(b) is "to provide compulsory changes of occupations for those workmen affected by asbestosis . . ., whose primary need is removal to employments without dust hazards," the Industrial Commission did not err when it ordered plaintiff to abstain from working with asbestos in the future. *Young v. Whitehall*, 229 N.C. 360, 365, 49 S.E. 2d 797, 801 (1948).

For these reasons, we affirm the Industrial Commission's opinion and award of 9 June 1981.

Affirmed.

Chief Judge VAUGHN and Judge WEBB concur.