***********
Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to receive further evidence or to rehear the parties or their representatives, the Full Commission upon reconsideration of the evidence modifies and affirms the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in a Pretrial Agreement and at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are bound by and subject to the North Carolina Workers' Compensation Act.
2. At all relevant times, an employment relationship existed between plaintiff and defendant.
3. Defendant was duly self-insured.
4. By separate stipulation signed by counsel for both parties on 13 August 2002, it is stipulated that plaintiff's wages were sufficient to earn the maximum compensation benefits available under the North Carolina Workers' Compensation Act in the year 2000, which was $588.00.
5. Plaintiff was last injuriously exposed to asbestos during plaintiff's employment with defendant. Plaintiff was exposed to asbestos for 30 days within a seven month period as required by N.C. Gen. Stat. § 97-57.
6. Defendant stipulates that plaintiff does suffer from an occupational disease, asbestosis and was diagnosed with asbestosis on 9 December 1997, by Dennis Darcey, M.D. A member of the North Carolina Occupational Disease Panel confirmed this diagnosis and plaintiff's medical records have been stipulated into evidence.
7. Plaintiff contends he is entitled to an award of 10% penalty pursuant to the provisions of N.C. Gen. Stat. § 97-12. Defendant has agreed to pay 5% penalty on compensation, exclusive of medical compensation, should this claim be deemed compensable.
8. Should this case be determined to be compensable, language may be included removing plaintiff from further exposure pursuant to N.C. Gen. Stat. § 97-62-5(b).
9. Should N.C. Gen. Stat. § 97-60 through N.C. Gen. Stat. §97-61.7 be determined to be unconstitutional, additional testimony could be offered by the parties on the issues of wage loss earning capacity and/or disability.
 ***********
Based upon all the competent evidence adduced at the hearing and the reasonable inferences therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. This matter came on for hearing before the Full Commission after plaintiff's first examination and medical reports establishing that he has asbestosis. Plaintiff is currently employed by defendant-employer.
2. Plaintiff has contracted asbestosis and asbestosis-related pleural disease as a result of his injurious exposure to the hazards of asbestos while employed by defendant-employer, Weyerhaeuser Company.
3. Based upon the stipulated description of plaintiff's job duties while employed by defendant and other evidence submitted, the Full Commission finds as fact that plaintiff was exposed to asbestos containing materials on a regular basis for more than 30 working days or parts thereof inside of seven consecutive months from 1966 until the present.
4. Plaintiff has been employed by defendant at its Plymouth facility from February 1966 until the present.
5. Plaintiff has held several different positions within the Plymouth facility. He began as a de-rigger, and then after three or four years worked as a millwright. He is now a senior mechanic. As a de-rigger, plaintiff set up equipment and tied cable chains around pipes covered with asbestos insulation. As the chains rubbed the insulation, they caused asbestos dust which covered plaintiff's clothing. He also worked around asbestos-lined brake shoes and clutches and was exposed to asbestos dust frequently, especially during his first 10 years of employment. Plaintiff was not provided with respiratory protection. Over the past 10 to 15 years he has had less dust exposure; however, throughout all of his employment, plaintiff was exposed to asbestos at various places throughout the plant.
6. Defendant admits that plaintiff does suffer from asbestosis, an occupational injury. This diagnosis has been confirmed by medical documentation from Dennis Darcey, M.D., Fred M. Dula, M.D., Phillip H. Lucas, M.D., Allen Hayes, M.D., James Johnson, M.D., and Ted R. Kunstling, M.D.
7. Plaintiff presented to Dr. Dennis Darcey of the Division of Occupational Environmental Medicine of Duke University on 9 December 1997. Dr. Darcey took an occupational history from plaintiff which describes his exposure to asbestos dust over the course of approximately 20 years of his employment. It was the opinion of Dr. Darcey that plaintiff suffers from mild asbestosis and pleural thickening consistent with asbestos exposure. His conclusion was based on the history of significant exposure to asbestos with adequate latency to develop asbestosis, an ILO chest x-ray and B-read and high resolution CT scan of the chest showing pleural changes consistent with asbestos exposure and interstitial changes consistent with mild asbestosis. Dr. Darcey assigned a respiratory impairment based on the AMA Guidelines of Class 2.
8. Dr. Darcey recommended that plaintiff undergo periodic monitoring for progression of asbestos related disease including pulmonary function and chest x-ray. He further recommended that plaintiff should avoid further exposure to asbestos dust. Dr. Darcey also opined that in addition to his increased risk of developing asbestosis, plaintiff was and remains at an increased risk of developing lung cancer and mesothelioma, as opposed to those non-exposed individuals.
9. A CT scan and chest x-ray dated 5 August 1997, was interpreted by Dr. Fred M. Dula of Piedmont Radiology in Salisbury, a radiologist and B-reader. It is the opinion of Dr. Dula that there is diffuse-type pleural thickening bilaterally with a small focal soft tissue plaque on the right diaphragm. Dr. Dula further states that interstitial changes are seen in both lungs, including short, thickened interlobar lines extending to the pleural surfaces. It is his overall impression that both the CT scan and chest x-ray showed mild interstitial and pleural changes consistent with asbestosis.
10. Dr. Phillip H. Lucas, a NIOSH B-reader, also evaluated the same chest film. Dr. Lucas opined that there were present bilateral interstitial fibrotic changes consistent with asbestosis in a patient who has had an adequate exposure history and latency period.
11. Dr. Allen Hayes of Raleigh Internal Medicine also reviewed the 5 August 1997 chest film, and opined that there were parenchymal abnormalities consistent with pneumoconiosis. Dr. Hayes further indicated in his report that there is some increase in intralobular lines consistent with fibrosis.
12. Dr. James Johnson of Piedmont Radiology in Salisbury, a B-reader, reviewed the chest x-ray and concluded there were both parenchymal and pleural changes present consistent with a pneumoconiosis.
13. Dr. Ted R. Kunstling examined the CT scan and chest x-ray and noted that they show evidence of asbestosis and pleural plaque. Based upon plaintiff's history of exposure to asbestos and the findings on his CT scan and chest x-ray, it is Dr. Kunstling's overall impression that Plaintiff has asbestosis.
14. Dr. Arthur Frank, Professor of Occupational and Environmental Medicine at the University of Texas Health Center, reviewed plaintiff's medical records and it is his opinion that plaintiff has two asbestos related problems. First, he has asbestosis caused by his occupational exposure to asbestos. Secondly, his occupational exposure to asbestos has caused him to develop a colonic cancer. Based upon his review of the medical records, including the chest x-ray, CT scan results and pathology evaluation, Dr. Frank is of the opinion that plaintiff's colonic cancer was a direct result of his occupational exposure to asbestos, and that he has also developed asbestosis.
15. Plaintiff suffers from asbestos related pleural disease and asbestosis as result of the many years of exposure while employed by defendant. Plaintiff's pulmonary impairment is permanent and is likely to progress. Plaintiff would benefit from medical monitoring, evaluation and some treatment in the future as a result of his asbestosis and asbestos related pleural disease. Further, the medical monitoring is reasonably necessary due to his increased risk of developing lung and other asbestos related cancers.
16. Based upon the evidence of record, the Full Commission is required to issue an Order of Removal for plaintiff, pursuant to N.C. Gen. Stat. § 97-61.5. The Order of Removal does not constitute an order removing plaintiff from his employment with defendant, but plaintiff must be ordered removed from any occupational exposure to asbestos for the remainder of his employment.
17. Plaintiff's average weekly wage was sufficient to entitle plaintiff to the maximum workers' compensation rate of $588.00 during the year 2000, in which Deputy Commissioner Jones ordered plaintiff's removal from any occupation which further exposes him to the hazards of asbestos.
18. The provisions of N.C. Gen. Stat. §§ 97-60 et seq. are not unconstitutional.
19. Plaintiff seeks attorney's fees from defendant in this case on the grounds that defendant defended this claim without reasonable ground. This issue should be reserved for subsequent determination at the final hearing in this matter.
 ***********
Based upon the stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff contracted the occupational diseases of asbestosis and asbestos related pleural disease as a result of his employment with defendant. N.C. Gen. Stat. § 97-53(24) and § 97-62.
2. Plaintiff was last injuriously exposed to the hazards of asbestos dust while employed by defendant, and for as much as 30 days or parts thereof, within seven consecutive months, which exposure proximately augmented his asbestosis. N.C. Gen. Stat. § 97-57; Clark v. ITTGrinnell Industrial Piping, Inc., 141 N.C. App. 417, 539 S.E.2d 369
(2000); Haynes v. Feldspar Producing Co., 222 N.C. 163, 22 S.E.2d 275
(1942); Barber v. Babcock Wilcox Construction Company,101 N.C. App. 564, 400 S.E.2d 735 (1991).
3. N.C. Gen. Stat. § 97-61.5 provides in pertinent part that following a first hearing determination by the Industrial Commission that a claimant has asbestosis, based upon either medical evidence or by agreement of the parties, the Commission "shall by order remove the employee from any occupation which exposes him to the hazards of asbestosis . . ." and that upon removal the employee shall be entitled to "weekly compensation equal to sixty-six and two-thirds percent of his average weekly wages . . . which compensation shall continue for a period of 104 weeks." In the instant case, the parties have stipulated that plaintiff has asbestosis; that he was last injuriously exposed to asbestos during his employment with defendant and that the exposure was for 30 days within a seven month period; that plaintiff remains in defendant's employ; and that should plaintiff be awarded compensation, an Order of Removal is appropriate to protect plaintiff from further exposure. Accordingly, the Commission hereby issues an Order of Removal. Id. The Order of Removal does not constitute an order removing plaintiff from his employment with defendant, but plaintiff is ordered removed from any occupational exposure to asbestos for the remainder of his employment.
4. While it has been determined that a retiree who is no longer employed by the asbestos-exposing industry is not entitled to an order of removal and the subsequent award because he no longer faces the possibility of exposure, see Austin v. General Tire, 354 N.C. 344,553 S.E.2d 680 (2001), in this case plaintiff remains in defendant's employ. It has long been recognized that the purpose of the order of removal is not only to stop continuing exposure of the employee to asbestos fibers, but also to ensure that the employee who continues to work avoids any future exposure. See Roberts v. Southeastern Magnesiaand Asbestos Co., 61 N.C. App. 706, 301 S.E.2d 742 (1983). It has also long been recognized that the award of 104 weeks of compensation has the additional purpose to compensate the employee for the incurable nature of the disease. Honeycutt v. Carolina Asbestos Co., 235 N.C. 471,70 S.E.2d 426 (1952).
5. Pursuant to N.C. Gen. Stat. § 97-61.5, the weekly amount of plaintiff's 104 weeks of compensation is to be based upon his "average weekly wages before removal from the industry, but no more than the amount established annually to be effective October 1 as provided in G.S. 97-29. . . ." The parties have stipulated that plaintiff's wages were sufficient to entitle him to the maximum compensation rate permitted under the Act for the year 2000, the year the Deputy Commissioner issued the Order of Removal. Therefore, plaintiff is entitled to 104 weeks of compensation as a result of his diagnosis of asbestosis at the weekly benefit rate of $588.00. N.C. Gen. Stat. § 97-61.5; Roberts v.Southeastern Magnesia and Asbestos Co., 61 N.C. App. 706, 301 S.E.2d 742
(1983).
6. The issue of the constitutionality of N.G. Gen. Stat. §§ 97-60et seq. has been raised by defendant and ruled upon by the North Carolina Court of Appeals. In Jones v. Weyerhaeuser Co., 141 N.C. App. 482,539 S.E.2d 380 (2000), disc. review denied, 353 N.C. 525, 549 S.E.2d 858
(2001), and in Clark v. ITT Grinnell Industrial Piping, Inc.,141 N.C. App. 417, 539 S.E.2d 369 (2000), the Court ruled unanimously that the provisions of N.C. Gen. Stat. § 97-61.5 are not unconstitutional.
7. Plaintiff is entitled to have defendant pay for such medical expenses incurred or to be incurred as a result of plaintiff's asbestos related pleural disease and asbestosis as may be required to monitor, provide relief, effect a cure or lessen plaintiff's period of disability. N.C. Gen. Stat. § 97-25, § 97-59.
8. Plaintiff is entitled to undergo subsequent examinations as provided by law, pursuant to the provisions of N.C. Gen. Stat. §§ 97-61.1et seq. and is further entitled to any additional benefits due to plaintiff which shall be determined after additional examinations and hearings.
9. By agreement of the parties, plaintiff is entitled to recover a penalty of 5% of any compensation due him exclusive of medical compensation. By further agreement of the parties, defendant shall be subjected to a late penalty pursuant to N.C. Gen. Stat. § 97-18.
10. Plaintiff's claim for attorney's fees from defendant on the ground that defendant unreasonably defended this claim pursuant to N.C. Gen. Stat. § 97-88.1 is hereby held in abeyance until the final award is issued in this claim.
11. This claim must be remanded to a deputy commissioner for further hearing (if necessary) following subsequent examinations as required under N.C. Gen. Stat. § 97-61 et seq. Plaintiff's eligibility for further indemnity compensation under the Act beyond the 104 weeks awarded herein and any other issues in controversy are hereby held in abeyance pending the outcome of further hearings.
 *********** ORDER OF REMOVAL
Plaintiff is hereby ordered to be removed from any occupation which further exposes him to the hazards of asbestos. N.C. Gen. Stat. §97-61.5(b).
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission makes the following:
 AWARD
1. Defendant shall pay to plaintiff compensation for 104 weeks as a result of his contraction of asbestosis, and asbestos related pleural disease while employed by defendant, at a weekly rate of $588.00. Said sum shall be paid in a lump sum to plaintiff without commutation subject to an award of attorney's fee.
2. Defendant shall pay an additional weekly sum of 5% of the weekly compensation awarded in Paragraph 1 above to plaintiff which shall also be paid in a lump sum. As to any future weekly compensation or other compensation due, the defendant shall increase the amount of such weekly compensation and/or lump sum compensation awarded, by 5%. As per agreement of the parties, defendant shall be subjected to a late penalty pursuant to N.C. Gen. Stat. § 97-18.
3. Defendant shall pay all medical expenses incurred or to be incurred when bills for the same have been approved, in accordance with the provisions of the Act.
4. Plaintiff shall undergo additional examinations as provided by law.
5. A reasonable attorney's fee of 25% of the compensation due plaintiff as was awarded in paragraphs 1 and 2 above is approved for plaintiff's counsel. Twenty-five percent of the lump sum due plaintiff shall be deducted from that sum and paid directly to his counsel.
6. Defendant shall pay the costs of this proceeding.
 *********** ORDER REMANDING
This claim is hereby remanded to a deputy commissioner for further hearing (if necessary) following subsequent examinations as required under N.C. Gen. Stat. § 97-61 et seq. Plaintiff's eligibility for further indemnity compensation under the Act beyond the 104 weeks awarded herein and any other issues in controversy are hereby held in abeyance pending the outcome of further hearings.
This the ___ day of August, 2002.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
DISSENTING:
 S/_______________ DIANNE C. SELLERS COMMISSIONER