***********
Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to receive further evidence or to rehear the parties or their representatives, the Full Commission upon reconsideration of the evidence modifies and affirms the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner and in a Pre-Trial Agreement as:
 STIPULATIONS
1. The Industrial Commission has jurisdiction over the subject matter of this case, the parties are properly before the Commission, and the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act at all relevant times.
2. Defendant is a duly qualified self-insured.
3. An employee-employer relationship existed between the parties at all relevant times. Plaintiff was employed by defendant at its facility in Plymouth, North Carolina, from 2 February 1976 to the present.
4. Plaintiff was last injuriously exposed to asbestos during plaintiff's employment with defendant, Weyerhaeuser Company, and specifically, that plaintiff was exposed to asbestos for 30 working days within a seven month period, as is required by N.C. Gen. Stat. § 97-57.
5. Defendant stipulated that plaintiff does suffer from an occupational disease, asbestosis; further that he was diagnosed with asbestosis on 9 December 1997 by Dr. Dennis J. Darcey. Defendant further agrees that a Member of the North Carolina Occupational Disease Panel confirmed this diagnosis and that these medical records will be stipulated into evidence for consideration by the Commission.
6. By separate stipulation signed by counsel for both parties on 13 August 2002, it is stipulated that plaintiff's wages were sufficient to earn the maximum compensation benefits available under the North Carolina Workers' Compensation Act in the year 2000, which was $588.00.
7. Plaintiff contends that he is entitled to an award of 10% penalty pursuant to the provisions of N.C. Gen. Stat. § 97-12, and defendant agreed that should the claim be found compensable, defendant agreed by compromise to pay an amount of 5% of all compensation, exclusive of medical compensation, as an award of penalty pursuant thereto.
8. The parties agreed further that should plaintiff be awarded compensation, the undersigned may include language removing plaintiff from further exposure pursuant to N.C. Gen. Stat. § 97-61.5(b).
9. The parties further agreed that should the undersigned determine N.C. Gen. Stat. §§ 97-60 through 97-61.7 to be unconstitutional, additional testimony could be offered by the parties on the issues of loss of wage earning capacity and/or disability.
10. The medical records by the following physicians were introduced into evidence without objection by the parties:
1. Dr. Dennis J. Darcey
2. Dr. Fred Dula
3. Dr. James Johnson
4. Dr. Robert A. Rostand
5. Dr. Richard C. Bernstein
6. Dr. Albert Curseen
7. Dr. Allen Hayes
 ***********
Based upon all the competent evidence adduced at the hearing and the reasonable inferences therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. This matter came on for hearing before the Full Commission after plaintiff's first examination and medical reports establishing that he has asbestosis. Plaintiff is currently employed by defendant.
2. Plaintiff has contracted asbestosis and asbestosis-related pleural disease as a result of his injurious exposure to the hazards of asbestos while employed by defendant, Weyerhaeuser Company.
3. Based upon the stipulated description of plaintiff's job duties while employed by defendant and other evidence submitted, the Full Commission finds as fact that plaintiff was exposed to asbestos containing materials on a regular basis for more than 30 working days or parts thereof inside of seven consecutive months from 1976 until the present.
4. Plaintiff has been employed by defendant at its Plymouth facility from 2 February 1976 until the present.
5. Defendant has admitted plaintiff does suffer from asbestosis, an occupational disease. This diagnosis has been confirmed through medical documentation from Dennis Darcey, M.D., Fred M. Dula, M.D., James Johnson, M.D., Robert A. Rostand, M.D., Richard C. Bernstein, M.D., Albert Curseen, M.D., and Allen Hayes, M.D.
6. Plaintiff presented to Dr. Dennis Darcey of the Division of Occupational Environmental Medicine of Duke University on 9 December 1997. Dr. Darcey took an occupational history from plaintiff which included that he began working for defendant in 1976 and had worked continuously for defendant since that time as a welder and senior mechanic. Plaintiff stated that as a welder and senior mechanic, he worked on the pipes and boilers and had to remove asbestos insulation on a frequent basis, often in small unventilated spaces. Plaintiff believes he was exposed to asbestos dust on a regular bases while working for Weyerhauser. Plaintiff also states that he did not wear a respirator.
7. It was the opinion of Dr. Darcey that plaintiff suffers from asbestosis. His conclusion was based on plaintiff's history of significant exposure to asbestos with adequate latency to develop the disease, an ILO chest x-ray and B-read showing parenchymal abnormalities and pleural changes consistent with asbestosis, a high resolution CT scan of the chest showing mild interstitial changes bilaterally and mild diffuse type pleural thickening bilaterally consistent with early mild asbestosis, a pulmonary function test that showed mild obstruction, no restriction, and mild hypoxemia consistent with his asbestos exposure and smoking, and a physical examination which showed bilateral inspiratory crackles in the lung bases posteriorly which did not clear with cough consistent with asbestosis.
8. Dr. Darcey, as part of his medical report, recommended that plaintiff undergo periodic monitoring for progression of asbestos related disease including pulmonary function and chest x-ray. He further recommended that plaintiff should avoid further exposure to asbestos dust. Finally, in addition to plaintiff's increased risk of developing asbestosis, he was and remains at an increased risk of developing lung cancer and mesothelioma, as opposed to those non-exposed individuals, and that medical monitoring is recommended.
9. Plaintiff's CT scan and chest x-ray dated 26 July 1997, were interpreted by Dr. Fred M. Dula of Piedmont Radiology in Salisbury, a radiologist and B-reader. It was his opinion that there were mild interstitial changes bilaterally including short, thickened interlobar lines extending to the pleural surfaces in the non-dependent portions of the lung bases. In addition, there is mild diffuse-type pleural thickening bilaterally. It was the overall impression of Dr. Dula that there were interstitial and mild pleural changes consistent with asbestosis given a history of asbestos exposure.
10. Dr. Allen Hayes of Raleigh Internal Medicine also reviewed plaintiff's 26 July 1997 chest film and indicated thereon that there were parenchymal abnormalities consistent with pneumoconiosis present.
11. Dr. James Johnson of Piedmont Radiology in Salisbury, a B-reader, reviewed the same chest x-ray and concluded there were parenchymal abnormalities present consistent with a pneumoconiosis.
12. Dr. Richard C. Bernstein of Pulmonary Critical Care Medicine, a B-reader, reviewed a new chest x-ray dated 28 August 1999, and concluded that there were parenchymal abnormalities consistent with a pneumoconiosis present.
13. On 25 March 1999, plaintiff was examined by Dr. Robert A. Rostand, a Member of the North Carolina Occupational Disease Panel. Plaintiff stated that he had been employed by defendant from 1976 to the present time. As a welder and senior mechanic, plaintiff worked on pipes and boilers and had to remove asbestos insulation in poorly ventilated areas. In addition, he worked in areas where other individuals removed asbestos. Plaintiff described this work as dusty and he did not wear any respiratory protection. He also stated that he stopped smoking thirty years ago at which time he had a five or six pack year cigarette smoking history.
14. Dr. Rostand examined plaintiff, plaintiff's 26 July 1997 chest x-ray and CT scan, and his medical records. Based upon plaintiff's history of occupational exposure to asbestos in the work environment without benefit of respiratory protection, radiographic evidence of asbestos related disease of lung and pleura, his exam and the submitted medical records, it was Dr. Rostand's impression that plaintiff has asbestos related disease of the lung and pleura. Dr. Rostand also notes that plaintiff's occupational exposure to asbestos has placed him at a greater risk of developing the interstitial and pleural changes noted on high resolution CT scan to a greater extent than a member of the general public not so exposed. Dr. Rostand states that it is his opinion that the exposure to asbestos at Weyerhaeuser is the proximate cause of these changes on chest x-ray and high resolution CT scan. Furthermore, he reports that plaintiff will require continued medical surveillance for his pulmonary asbestosis and that he should not be employed in an area where he will be exposed to asbestos in the work environment.
15. Plaintiff suffers from asbestos related pleural disease and asbestosis as a result of the many years of exposure to the hazards of asbestos while employed by defendant. Plaintiff's pulmonary impairment is permanent and is likely to progress. Plaintiff would benefit from medical monitoring, evaluation and some treatment in the future as a result of his asbestosis and asbestos related pleural disease. Further, the medical monitoring is reasonably necessary due to his increased risk of developing lung and other asbestos related cancers.
16. Based upon the evidence of record, the Full Commission is required to issue an Order of Removal for plaintiff, pursuant to N.C. Gen. Stat. § 97-61.5. The Order of Removal does not constitute an order removing plaintiff from his employment with defendant, but plaintiff must be ordered removed from any occupational exposure to asbestos for the remainder of his employment.
17. Plaintiff's average weekly wage was sufficient to entitle plaintiff to the maximum workers' compensation rate of $588.00 during the year 2000, in which Deputy Commissioner Berger ordered plaintiff's removal from asbestos exposing employment.
18. The provisions of N.C. Gen. Stat. §§ 97-60 et seq. are not unconstitutional.
19. Plaintiff seeks attorney's fees from defendant in this case on the grounds that defendant defended this claim without reasonable ground. This issue should be reserved for subsequent determination at the final hearing in this matter.
 ***********
Based upon the stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff contracted the occupational diseases of asbestosis and asbestos related pleural disease as a result of his employment with defendant. N.C. Gen. Stat. §§ 97-53(24) and 97-62.
2. Plaintiff was last injuriously exposed to the hazards of asbestos dust while employed by defendant, and for as much as 30 working days or parts thereof, within seven consecutive months, which exposure proximately augmented his asbestosis. N.C. Gen. Stat. § 97-57; Clark v. ITTGrinnell Industrial Piping, Inc., 141 N.C. App. 417, 539 S.E.2d 369
(2000); Haynes v. Feldspar Producing Co., 222 N.C. 163, 22 S.E.2d 275
(1942); Barber v. Babcock Wilcox Construction Company,101 N.C. App. 564, 400 S.E.2d 735 (1991).
3. N.C. Gen. Stat. § 97-61.5 provides in pertinent part that following a first hearing determination by the Industrial Commission that a claimant has asbestosis, based upon either medical evidence or by agreement of the parties, the Commission "shall by order remove the employee from any occupation which exposes him to the hazards of asbestosis . . ." and that upon removal the employee shall be entitled to "weekly compensation equal to sixty-six and two-thirds percent of his average weekly wages . . . which compensation shall continue for a period of 104 weeks." In the instant case, the parties have stipulated that plaintiff has asbestosis; that he was last injuriously exposed to asbestos during his employment with defendant and that the exposure was for 30 working days within a seven month period; that plaintiff remains in defendant's employ; and that should plaintiff be awarded compensation, an Order of Removal is appropriate to protect plaintiff from further exposure. Accordingly, the Commission hereby issues an Order of Removal.Id. The Order of Removal does not constitute an order removing plaintiff from his employment with defendant, but plaintiff is ordered removed from any occupational exposure to asbestos for the remainder of his employment.
4. While it has been determined that a retiree who is no longer employed by the asbestos-exposing industry is not entitled to an order of removal and the subsequent award because he no longer faces the possibility of exposure, see Austin v. General Tire, 354 N.C. 344,553 S.E.2d 680 (2001), in this case plaintiff remains in defendant's employ. It has long been recognized that the purpose of the order of removal is not only to stop continuing exposure of the employee to asbestos fibers, but also to ensure that the employee who continues to work avoids any future exposure. See Roberts v. Southeastern Magnesia andAsbestos Co., 61 N.C. App. 706, 301 S.E.2d 742 (1983). It has also long been recognized that the award of 104 weeks of compensation has the additional purpose to compensate the employee for the incurable nature of the disease. Honeycutt v. Carolina Asbestos Co., 235 N.C. 471,70 S.E.2d 426 (1952).
5. Pursuant to N.C. Gen. Stat. § 97-61.5, the weekly amount of plaintiff's 104 weeks of compensation is to be based upon his "average weekly wages before removal from the industry, but no more than the amount established annually to be effective October 1 as provided in G.S. § 97-29. . . ." The parties have stipulated that plaintiff's wages were sufficient to entitle him to the maximum compensation rate permitted under the Act for the year 2000, the year the Deputy Commissioner issued the Order of Removal. Therefore, plaintiff is entitled to 104 weeks of compensation as a result of his diagnosis of asbestosis at the weekly benefit rate of $588.00. N.C. Gen. Stat. §97-61.5; Roberts v. Southeastern Magnesia and Asbestos Co.,61 N.C. App. 706, 301 S.E.2d 742 (1983).
6. The issue of the constitutionality of N.G. Gen. Stat. §§ 97-60 etseq. has been raised by defendant and ruled upon by the North Carolina Court of Appeals. In Jones v. Weyerhaeuser Co., 141 N.C. App. 482,539 S.E.2d 380 (2000), disc. review denied, 353 N.C. 525, 549 S.E.2d 858
(2001), and in Clark v. ITT Grinnell Industrial Piping, Inc.,141 N.C. App. 417, 539 S.E.2d 369 (2000), the Court ruled unanimously that the provisions of N.C. Gen. Stat. § 97-61.5 are not unconstitutional.
7. Plaintiff is entitled to have defendant pay for such medical expenses incurred or to be incurred as a result of plaintiff's asbestos related pleural disease and asbestosis as may be required to monitor, provide relief, effect a cure or lessen plaintiff's period of disability. N.C. Gen. Stat. §§ 97-25, 97-59.
8. Plaintiff is entitled to undergo subsequent examinations as provided by law, pursuant to the provisions of N.C. Gen. Stat. §§ 97-61.1 etseq. and is further entitled to any additional benefits due to plaintiff which shall be determined after additional examinations and hearings.
9. By agreement of the parties, plaintiff is entitled to recover a penalty of 5% of any compensation due him exclusive of medical compensation. By further agreement of the parties, defendant shall be subjected to a late penalty pursuant to N.C. Gen. Stat. § 97-18.
10. Plaintiff's claim for attorney's fees from defendant on the ground that defendant unreasonably defended this claim pursuant to N.C. Gen. Stat. § 97-88.1 is hereby held in abeyance until the final award is issued in this claim.
11. This claim must be remanded to a deputy commissioner for further hearing (if necessary) following subsequent examinations as required under N.C. Gen. Stat. § 97-61 et seq. Plaintiff's eligibility for further indemnity compensation under the Act beyond the 104 weeks awarded herein and any other issues in controversy are hereby held in abeyance pending the outcome of further hearings.
 *********** ORDER OF REMOVAL
Plaintiff is hereby ordered to be removed from any occupation which further exposes him to the hazards of asbestos. N.C. Gen. Stat. §97-61.5(b).
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission makes the following:
 AWARD
1. Defendant shall pay to plaintiff compensation for 104 weeks as a result of his contraction of asbestosis, and asbestos related pleural disease while employed by defendant, at a weekly rate of $588.00. Said sum shall be paid in a lump sum to plaintiff without commutation subject to an award of attorney's fee.
2. Defendant shall pay an additional weekly sum of 5% of the weekly compensation awarded in Paragraph 1 above to plaintiff which shall also be paid in a lump sum. As to any future weekly compensation or other compensation due, defendant shall increase the amount of such weekly compensation and/or lump sum compensation awarded, by 5%. As per agreement of the parties, defendant shall be subjected to a late penalty pursuant to N.C. Gen. Stat. § 97-18.
3. Defendant shall pay all medical expenses incurred or to be incurred when bills for the same have been approved, in accordance with the provisions of the Act.
4. Plaintiff shall undergo additional examinations as provided by law.
5. A reasonable attorney's fee of 25% of the compensation due plaintiff as was awarded in paragraphs 1 and 2 above is approved for plaintiff's counsel. Twenty-five percent of the lump sum due plaintiff shall be deducted from that sum and paid directly to his counsel.
6. Defendant shall pay the costs of this proceeding.
 *********** ORDER REMANDING
This claim is hereby remanded to a deputy commissioner for further hearing (if necessary) following subsequent examinations as required under N.C. Gen. Stat. § 97-61 et seq. Plaintiff's eligibility for further indemnity compensation under the Act beyond the 104 weeks awarded herein and any other issues in controversy are hereby held in abeyance pending the outcome of further hearings.
This the ___ day of October, 2002.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
DISSENTING:
 S/_______________ DIANNE C. SELLERS COMMISSIONER